# CIRCUIT COURT OF BALTIMORE CITY.

Filed August 21, 1926.

SAMUEL J. EPSTEIN

VS.

HENRY SIEMEK.

*Samuel J. Aaron* and *Howard L. Aaron* for plaintiff.

*Paul Higinbothom* for defendant.

FRANK, J.—

In passing upon the application for a preliminary injunction herein I have taken into consideration not merely the facts as disclosed by the evidence taken in open court, but also the matters and things observed by me in traveling over the territory involved at the request of and in company with the solicitors for the respective parties.

The application is for a preliminary injunction restraining the defendant from opening and operating a grocery store at 4106 Eastern avenue. The plaintiff purchased from the defendant all the stock, fixtures and good will of the grocery store and meat market heretofore conducted by the defendant at 400 S. Clinton street, and one of the conditions of the said sale was that the vendor should covenant and agree that he would not open a grocery store or a meat market, nor become in any way connected with a grocery store or meat market, for a period of five years from the twenty-fifth day of May, 1925, and within a radius of eight city blocks from the store then being sold. This covenant was duly entered into by the defendant. The store at 4106 Eastern avenue, which the defendant is about to open, unless restrained by this Court, is by actual air line measurement twenty-three hundred feet distant from the store at 400 S. Clinton street. The testimony in the case shows that the length of an average city block is three hundred and twenty feet, and the width of an average city street is sixty-six feet, so that eight city blocks with intersecting streets cover an aggregate of three thousand and eighty-eight feet.

If by a correct interpretation of the language of the contract, "a radius of eight city blocks" means that all territory within such radius in an air line is prohibited territory, then the proposed store of the defendant lies within the prohibited area. While this construction would seem to give effect to the technical meaning of the words used, it has not received uniform approval. For example, the majority opinion of the court in the case of State vs. Barthe, 41 La. Ann. 46, 49, holds that the meaning above indicated cannot properly be given because the purpose is to protect a store within the prohibited territory and, as customers proceed only on the public streets, the words "radius" and "blocks" as here

used must be defined in connection with the streets as laid out. The effect of this latter interpretation might be, as it would be in this case, to produce, as the effect of applying such a radius, not a circle, but a jagged line varying with the length of the blocks of the streets included in the area involved. In spite of this conclusion, I am constrained to give the latter interpretation to the words as used here.

The authorities uniformly hold that by "block" is meant that portion of land in a city bounded by four public streets or avenues, not taking into account alleys.

8 C. J., 1125.

Applying this definition to the facts in this case, I find that, proceeding from 400 S. Clinton street southerly one block to Eastern avenue and then easterly to the proposed new store of the defendant, not more than seven of such blocks are covered. It is true that by proceeding along some other route than that just indicated from one store to the other, a greater number of blocks may be covered, but, if any meaning is to be given to the phrase "within a radius of eight city blocks," it must be that if the distance between the two stores along any public street is less than eight blocks, the defendant's store comes within the prohibited area.

I do not think that the fact that on other streets than Eastern avenue and running parallel therewith, intersecting streets are to be found which divide the area into a greater number of blocks, even though block numbers change on Eastern avenue within the limits of single blocks, can empower me to declare more blocks to exist on Eastern avenue than are actually and physically to be found there. If the blocks on Eastern avenue were of abnormal size, another question might be presented, but the figures above given indicate that the blocks as they actually exist on Eastern avenue are certainly not longer than the average of city blocks.

For the above reasons, I shall direct the issuance of the temporary injunction as prayed upon the filing by the plaintiff of a bond in the penalty of $4,000 with the usual right to the defendant to move for dissolution upon five days' notice.